IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY #P-71922,<br><br>           Plaintiff,<br><br>   vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, and DOES 1-3,<br><br>           Defendants.<br>_____ | CIV. NO. 2:08-00733 HWG |

### **ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915a(b)(1) WITH LEAVE TO AMEND**

On April 7, 2008, Plaintiff Latwahn McElroy filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1] In his Complaint, (Doc. 1), Plaintiff alleges medical neglect. Plaintiff names the California Department of Corrections, and three Doe Defendants in their official capacities, including two medical doctors and one registered nurse, as Defendants.

For the following reasons, the Complaint is DISMISSED for Plaintiff's failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), with leave to amend.

### **BACKGROUND**

The Plaintiff sets forth one cause of action in his

---

[1] Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), incarcerated at the California State Prison, Sacramento. He is proceeding *pro se* and *in forma pauperis*.

1

Complaint. (Compl., Doc. 1.) Plaintiff complains that Defendants failed to provide Plaintiff with adequate medical treatment when between March 20, 2008 and April 7, 2008, they allegedly discontinued various prescriptions, including dietary supplements, skin treatments, and medications, and discontinued a prescription providing for a wheel chair with a leg extension. (Id. at 3-6.) Plaintiff does not specifically allege a violation of his constitutional rights. The Court construes the Complaint as alleging medical neglect in violation of the Eighth Amendment of the United States Constitution.

Plaintiff describes the Doe Defendants as medical personnel employed by the California Department of Corrections, but fails to name any specific individual who is responsible for any alleged failure to provide Plaintiff medical care.

Plaintiff seeks monetary damages as well as injunctive relief in the form of treatment, physical therapy, and surgical evaluation at a location outside of the Sacramento Medical Center. (Id. at 6.)

## STATUTORY SCREENING OF THE COMPLAINT

A federal district court is required to screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous

or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

During screening, the court must accept as true the allegations of the complaint, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Bernhardt v. L.A. County, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).  The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*); Lucas v. Department of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  A district court should not, however, advise the litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13.

## **ANALYSIS**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th

4

Cir. 2007) (citation omitted); West v. Atkins, 487 U.S. 42, 48 (1988).

Mere allegations that a right secured by a state law has been violated do not satisfy the first element of a claim under § 1983. See Lovell v. Poway Unified School District, 90 F.3d 367, 370-71 (9th Cir. 1996).

### I. **Plaintiff's Claims Against The California Department of Corrections Are Dismissed With Prejudice**

A governmental agency that is an arm of the state, such as a state's department of corrections, is not considered a person under § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Moreover, the Eleventh Amendment confers immunity on state agencies from private damage actions or suits for injunctive relief brought in federal court. Brown v. Cal. Department of Corr., 554 F.3d 737, 752 (9th Cir. 2009) (holding that the California Department of Corrections and California Board of Prison terms are entitled to Eleventh Amendment immunity). The California Department of Corrections is not amenable to suit under § 1983.

Plaintiff's claims against the Defendant California Department of Corrections are frivolous and fail to state a claim as a matter of law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

## II. **Plaintiff's Claims for Damages Against The Individual Defendants in Their Official Capacities Are Dismissed With Prejudice**

The Court lacks jurisdiction over Plaintiff's claims for damages against the individual Defendants sued in their official capacities. Neither a state nor its employees acting in their official capacity is considered a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lapides v. Bd. of Regents, 535 U.S. 613 (2002); Bank of Lake Tahoe v. Bank of America, 318 F.3d 914, 918 (9th Cir. 2003).

The individual Defendants, as state employees, are not subject to suit for damages in their official capacities. Claims for damages against the individual Defendants in their official capacities are DISMISSED without leave to amend.

An exception to this rule applies to claims for injunctive relief against a state official in his or her official capacity. See Bank of Lake Tahoe, 318 F.3d at 918. Here, Plaintiff seeks injunctive relief. (Compl. at 6, Doc. 1.) The exception is applicable to the case and Plaintiff's claims for injunctive relief against the individual Defendants remain at issue.

## III. **Plaintiff's Medical Treatment Claim is Dismissed Without Prejudice**

Plaintiff complains that the Doe Defendants have failed to provide him with adequate medical treatment in violation of his Eighth Amendment rights.

A public entity violates the Eighth Amendment if it fails to

address the medical needs of incarcerated individuals. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*). To state a valid claim for failure to provide adequate medical treatment, a prisoner must allege acts sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." Id. at 102.[2] "A medical need is serious if the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Dickey v. Vargo, 2004 WL 825624, at *2 (D. Or. Feb. 27, 2004) (citing McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (further citations omitted)).

Allegations of negligence, however, are inadequate. As the United States Supreme Court explained in the case of Estelle:

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

---

[2] For purposes of the Eighth Amendment, serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Lopez, 203 F.3d at 1131.

7

> Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, *a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs*. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Estelle, 429 U.S. at 106 (emphasis added); accord Lopez, 203 F.3d at 1131.

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992) (stating that prisoner may demonstrate deliberate indifference if prison officials relied on the contrary opinion of a non-treating physician).

In deciding whether there has been deliberate indifference to Plaintiff's serious medical needs, a district court is not required to defer to the judgment of prison doctors or administrators. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th

8

Cir. 1989); Nelson v. Locke, 2005 WL 1030207, *6 (E.D. Wash. May 2, 2005). The Ninth Circuit has recognized that a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1344 (9th Cir. 1981).

The gravamen of Plaintiff's Complaint is that the Doe Defendants were negligent in discontinuing his prescriptions for skin treatments, dietary supplements, ipratropium and albuterol inhalers, and a wheel chair with an elevated leg extension. Plaintiff asserts that his treatment does not conform to what Plaintiff believes he should receive, namely a continuation of the prescriptions and use of a wheel chair, and a surgical consultation and physical therapy treatment at another facility rather than the Sacramento Medical Center.

Plaintiff fails to allege that Defendants acted with deliberate indifference to Plaintiff's medical needs. (Compl. at 3-6, Doc. 1.) Plaintiff's Complaint indicates that prison medical staff treated and examined Plaintiff, the latest examination occurring on March 24, 2008, two weeks before the Plaintiff filed his Complaint on April 7, 2008. (Compl. at 5, Doc. 1.) Plaintiff is therefore not alleging that he was *denied* medical care. Plaintiff alleges only that Defendants were *negligent* in their treatment. (Id.) Plaintiff asserts

9

*negligence* in failing to provide a wheelchair at times when he suffers from "a worsening paralysis condition" that results in pain in his right foot when his leg is not elevated. (Id. at 5-6.) Again, Defendants were allegedly *negligent* in failing to extend the prescription for an inhaler, resulting in migraines, shortness of breath, and fainting spells. (Id. at 5.) The facts as alleged by Plaintiff do not satisfy the subjective standard of deliberate indifference, or conduct so reckless or wanton as to evince the Doe Defendants' desire to inflict harm.

Plaintiff's Complaint generally sets out a difference of opinion as to the appropriate course of treatment for his various conditions. The allegations present, at best, a state common law claim of negligent medical care that is not cognizable as a constitutional tort under § 1983. See, e.g., O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (finding that isolated occurrences of neglect may constitute grounds for negligence or medical malpractice claim, but do not rise to level of unnecessary and wanton infliction of pain). This is insufficient to state a claim under the Eighth Amendment.

The Complaint fails to state a claim, but beyond this failure, Plaintiff fails to name the Doe Defendants. In the event that Plaintiff is able to amend the Complaint to state a valid claim, Plaintiff is NOTIFIED that he must provide the identities of the Doe Defendants in a timely fashion as the

United States Marshals will be unable to serve a complaint on unknown persons.

Accordingly, Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(ii).

## LEAVE TO AMEND

The Court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt. As the Court is unable to determine whether amendment to this pleading would be futile, **leave to amend is granted**.

By May 18, 2009, Plaintiff may submit an amended complaint to cure the deficiencies noted above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint. If Plaintiff fails to use the court-approved form, the court may strike the amended complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write *short, plain statements* explaining: (1) the constitutional right Plaintiff believes was violated; (2) the name of each individual defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct. Rizzo v. Goode, 423 U.S. 362, 371-72 (1976). Plaintiff must repeat this process for each person he

11

names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

Any amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## 28 U.S.C. § 1915(g)

Plaintiff is further notified that because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies

12

identified in this Order, this dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## **CONCLUSION**

For the foregoing reasons,

1. Plaintiff's claims against the California Department of Corrections, and claims for damages against Doe Defendants in their official capacities are **DISMISSED WITH PREJUDICE;** and

2. Plaintiff's claims for injunctive relief against Doe Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE,** pursuant to 28 U.S.C. § 1915A(b)(1).

3. Plaintiff is given leave to amend his Complaint, if possible, to cure the deficiencies discussed above. Plaintiff is **GRANTED** up to and including May 18, 2009, to file an amended complaint.

If Plaintiff fails to timely comply with this Order, the Clerk of Court is **DIRECTED** to enter judgment of dismissal of this

13

action with prejudice, clearly stating that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4. If Plaintiff decides to amend the Complaint in accordance with this Order, Plaintiff is **NOTIFIED** that he may not add new claims or new defendants that were not involved in the conduct, transactions, or occurrences set forth in the original Complaint. See Fed. R. Civ. P. 15(c). In short, any amended complaint is limited to the amendments approved by this Order, that is, amending the Complaint to provide the names of the Doe Defendants, and to allege, if possible, facts sufficient to state a claim under the Eighth Amendment. **No further amendment to claims, facts, or otherwise is contemplated or allowed by this Order.**

5. The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil rights complaint form with instructions so that he may comply with this Order.

6. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to

file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 15, 2009.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

McElroy v. California Department Of Corrections, *et al.*, Civ. No. 2:08-00733 HWG, ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915a(b)(1) WITH LEAVE TO AMEND